# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

DACO EDWARDS,

        Plaintiff,

v.                                         Case No. 5:22-cv-485-TPB-PRL

C. LESTER, et al.,

        Defendants.

_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, an inmate in the Federal Bureau of Prisons,[1] initiated this case by filing a pro se Civil Rights Complaint (Doc. 1) pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He also filed a request to proceed as a pauper (Doc. 2).

As Defendants, Plaintiff names Officer C. Lester, Officer S. O'Brien, J. Garrison, Lieutenant Evans, Officer Luke Zachery, and Medical John Doe. Plaintiff alleges that on October 30, 2020, Defendants Lester and O'Brien escorted Plaintiff to the Lieutenant's office. Once in the office, Defendant Evans asked Plaintiff whether he wrote a letter to an officer, and Plaintiff responded, "No." Plaintiff was then "dumped on his face and was kneed and kicked by" Defendants Lester, O'Brien, and Garrison. Plaintiff was then taken to a holding cell, "where the

---

[1] Plaintiff is serving a 340-month term of imprisonment for one count of conspiracy to distribute cocaine base and one count of using and carrying a firearm to commit murder during a drug trafficking offense. *See United States v. Edwards*, No. 3:00CR00206-001 (E.D. Va.).

assault continued." Defendants Lester, O'Brien, and Garrison left Plaintiff in the holding cell as Plaintiff continued to yell and make noise. Defendant Zachery came into Plaintiff's cell and told Plaintiff if he did not stop making noise, Zachery would "bash the [Plaintiff's] head in."

Thirty minutes to one-hour later, Defendants Lester, O'Brien, and Garrison returned to Plaintiff's cell to escort him to the Special Housing Unit. While at the door, Defendant Lester "slammed the Plaintiff to the ground and put his knee on the side of the [Plaintiff's] head." Plaintiff "was dragged by his arms through the hallway to a back hallway that le[]d to the Special Housing Unit." Once inside a holding cell, Defendants Lester and O'Brien continued using physical force on Plaintiff, while Defendant Garrison watched. Defendants Lester and O'Brien placed Plaintiff in full body restraints that were so tight "they were cutting" Plaintiff's skin. Plaintiff was then placed in "a hard cell."

Every two hours, a Lieutenant and medical staff would check on Plaintiff in the restraints. One of the Lieutenants told Plaintiff he was in restraints because he bit an officer. Plaintiff claims that between October 30 and November 2, 2020, he was only fed one time, and when the restraints were finally removed, his wrists, ankles, and waist were swollen and had lacerations on them. A nurse refused to take photos of Plaintiff's injuries and told him if he was not disruptive, he would not have any wounds. Plaintiff alleges that these actions were taken against him in response to a falsified report written by Defendant Lester claiming that Plaintiff bit an officer.

As relief, Plaintiff seeks a declaratory judgment, appointment of a dental specialist to take an impression of his teeth to prove he did not bite the officer, expungement of the incident report and reinstatement of the good-time credits he lost, and compensatory and punitive damages.

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. In reviewing a pro se plaintiff's pleadings, the Court must liberally construe the plaintiff's allegations. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the

material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

Initially, the Court notes that Plaintiff's request for restoration of his good-time credits is appropriately brought in a habeas petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *see also Tedesco v. Sec'y for Dep't of Corr.*, 190 F. App'x 752, 755-56 (11th Cir. 2006) ("In *Medberry*,[2] we held that a state prisoner may file a habeas corpus petition to challenge the loss of gain time as a result of state prison disciplinary proceeding that allegedly violates his due process rights under 28 U.S.C. § 2241, although such a petition is governed by the restrictions set forth at 28 U.S.C. § 2254."). Nevertheless, Plaintiff's claims are due to be dismissed for the reasons stated below.

In *Bivens*, the Supreme Court recognized an implied cause of action for damages against federal officials who violate an individual's Fourth Amendment rights against unreasonable search and seizures. *Bivens*, 403 U.S. at 389, 397. Since 1971, the Court has extended *Bivens* on only two occasions. *See Davis v. Passman*, 442 U.S. 228 (1979) (involving a Fifth Amendment Due Process Clause claim for gender discrimination); *Carlson v. Green*, 446 U.S. 14 (1980) (involving an

---

[2] *Medberry v. Crosby*, 351 F.3d 1049, 1053 (11th Cir. 2003).

Eighth Amendment claim for cruel and unusual punishment when federal jailers failed to treat an inmate's asthma which resulted in the inmate's death); *see also Johnson v. Burden*, 781 F. App'x 833, 836 (11th Cir. 2019)[3] ("*Bivens* has been applied to a Fourth Amendment case involving a search and seizure, a Fifth Amendment gender discrimination case, and an Eighth Amendment case involving cruel and unusual punishment.  Only in these three contexts did the Supreme Court approve an implied damages remedy under the Constitution itself." (citations omitted)).  Though recognizing the continued vitality of *Bivens* and its progeny, the Supreme Court has instructed lower courts to exercise "caution before extending *Bivens* remedies into any new context."  *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017).  If a claim "presents a new *Bivens* context," or one that "diff[ers] in a meaningful way from previous *Bivens* cases," a court should consider whether "special factors" counsel hesitation before extending a damages remedy.  *Id.* at 1859; *see also Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020).

To state a *Bivens* claim against a federal official in his individual capacity, a plaintiff must allege (1) a federal official acting under color of federal law (2) deprived him of one of these rights secured by the United States Constitution.  *See Bivens*, 403 U.S. at 388.  Because claims under 42 U.S.C. § 1983 and *Bivens* are similar, courts often apply § 1983 law to *Bivens* cases.  *See Abella v. Rubino*, 63 F.3d

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. *See McNamara v. GEICO*, 30 F.4th 1055, 1060-61 (11th Cir. 2022); *see generally* Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

1063, 1065 (11th Cir. 1995) ("The effect of *Bivens* was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials."). However, the limited rights protected under *Bivens* are not coextensive with the rights protected under § 1983.

Plaintiff's excessive force claim is meaningfully different than the claims previously recognized by the Supreme Court in *Bivens*, *Davis*, and *Carlson*. Thus, Plaintiff's claim arises in a new context, and the Court must consider whether special factors counsel hesitation in extending *Bivens* in this instance. *See Ziglar*, 137 S. Ct. at 1857.

One such factor is the availability of "an alternative remedial structure." *Id.* at 1858. Here, Plaintiff had access to the grievance procedures available at the prison. The Supreme Court previously found that "*Bivens* relief was unavailable because federal prisoners could, among other options, file grievances through an 'Administrative Remedy Program.'" *Egbert v. Boule*, 142 S. Ct. 1793, 1806 (2022) (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001)); *see also Silva v. United States*, 45 F.4th 1134, 1142 (10th Cir. 2022) (concluding that the federal prisoner's *Bivens* claim alleging he was subjected to excessive force was "foreclosed by the availability of the BOP Administrative Remedy Program to address his complaint"); *Garraway v. Berman*, No. 5:21-cv-451-BJD-PRL, 2022 WL 1028624, at *2 (M.D. Fla. Apr. 6, 2022) (finding that the "[p]laintiff's access to the prison grievance procedure provides him a sufficient alternative remedy, which counsels

hesitation in extending a remedy"). Thus, this factor counsels hesitation in extending Plaintiff a remedy here.

Another factor counseling hesitation is Congress' silence in providing a standalone damages remedy against federal officers when it enacted the Prison Litigation Reform Act, "which made comprehensive changes to the way prisoner abuse claims must be brought in federal court." *Ziglar*, 137 S. Ct. at 1865; *see Montalban v. Samuels*, No. 21-11431, 2022 WL 4362800, at *4 (11th Cir. Sept. 21, 2022). "That choice by Congress forecloses this Court from taking it upon itself to legislate monetary damages for constitutional claims where the legislative branch elected not to do so." *Berry v. Bureau of Prisons*, No. 5:20-cv-424-KKM-PRL, 2021 WL 4166181, at *3 (M.D. Fla. July 27, 2021).

Moreover, the policy considerations of expanding a private right of action in this instance are best left for Congress to consider. Indeed, "[p]rison administration is . . . a task that has been committed to the responsibility of . . . [the legislative and executive] branches, and separation of powers concerns counsel a policy of judicial restraint." *Turner v. Safley*, 482 U.S. 78, 85 (1987); *see also Ziglar*, 137 S. Ct. at 1857 ("When a party seeks to assert an implied cause of action under the Constitution itself, . . . separation-of-powers principles are or should be central to the analysis."); *Montalban*, 2022 WL 4362800, at *4. Congress is better suited to balance the challenges that prison staff face in the day-to-day management of a prison against the expansion of the private right of action for damages. *See Egbert*, 142 S. Ct. at 1802-03 (recognizing that when creating a cause of action, there are a

"range of policy considerations" that must be considered, including "economic and governmental concerns, administrative costs, and the impact on governmental operations systemwide," and that "Congress is far more competent than the Judiciary to weigh such policy considerations" (quotations and citations omitted)).

Ultimately, the Court finds that there is "reason to think that Congress might be better equipped to create a damages remedy" in this instance. *See id.* at 1803. As such, the Court declines to extend *Bivens* to Plaintiff's excessive force claim.[4]

Finally, as to Plaintiff's claim against Medical John Doe, it is unclear what factual allegations Plaintiff is assigning to this individual. He talks about medical staff checking on him every two hours when he was in restraints, and he discusses a nurse not taking pictures of his wounds and telling him he would not have wounds if he was not disruptive. He also concludes that he "was refused medical treatment by medical." Given his unclear allegations against this John Doe, it is impossible to analyze his potential deliberate indifference claim against him. Nevertheless, even assuming Plaintiff could proceed on his medical claim against John Doe, Plaintiff cannot maintain a cause of action solely against a Doe defendant, because "fictitious-party pleading is not permitted in federal court" unless a plaintiff describes the individual with such particularity that he or she can be identified and served. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010); *see Omanwa v.*

---

[4] *See Alsop v. Fed. Bureau of Prisons*, No. 22-1933, 2022 WL 16734497, at *3 (3d Cir. Nov. 7, 2022) (finding allegations of excessive force "are not a basis for relief under *Bivens*"); *Greene v. United States*, No. 21-5398, 2022 WL 13638916, at *5 (6th Cir. Sept. 13, 2022) ("Greene does not have a *Bivens* remedy against federal corrections officers for use of excessive force.").

*Catoosa Cnty., Georgia,* 711 F. App'x 959, 964, 965 (11th Cir. 2017).  Plaintiff has not provided any identifying information relating to the John Doe.  Thus, his claim is due to be dismissed without prejudice.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Tampa, Florida, this 21st day of November, 2022.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE

JAX-3 11/18
c:
Daco Z. Edwards